UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

DONALD BLAINE DAVIS,

    Petitioner,

v.              No. 1:23-CV-00030-H

DIRECTOR, TDCJ-CID,

    Respondent.

**OPINION AND ORDER**

  Petitioner Donald Blaine Davis, a state prisoner who is represented by counsel, filed an amended petition for writ of habeas corpus under 28 U.S.C. § 2254 to challenge his 2017 Texas murder conviction. Dkt. No. 12. Respondent answers that the Court should dismiss Davis's petition because it is barred by the applicable statute of limitations. Dkt. No. 17. Alternatively, Respondent argues that the Court should deny Davis's petition on the merits. Davis did not reply to Respondent's answer. As explained below, the Court concludes that the petition must be dismissed as untimely.

**1. Background**

  On January 12, 2017, a Texas jury convicted Davis of murder and sentenced him to 99 years' imprisonment. Dkt. No. 19-7 at 577–579. The 91st District Court, Eastland County, Texas entered judgment on the conviction, which was affirmed by the Eleventh Court of Appeals of Texas. Dkt. No. 19-10; *see Davis v. State*, No. 11-17-00020-CR, 2018 WL 6928967 (Tex. App.—Eastland Dec. 31, 2018, pet. ref'd). On September 25, 2019, the Texas Court of Criminal Appeals (TCCA) refused Davis's petition for discretionary review (PDR). Dkt. No. 19-14. Almost two years later, on July 19, 2021, attorney Randy Schaffer filed a state habeas application on Davis's behalf. Schaffer challenged Davis's conviction on

the grounds that he received ineffective assistance of counsel at trial and on appeal. Dkt. No. 19-15 at 8–98. On August 24, 2022, the TCCA denied Davis's application without a written order based on its independent review of the record and the findings of the trial court. Dkt. No. 19-23. On February 2, 2023, Davis filed his original federal habeas petition with the assistance of attorney Karen Oakley. The Court struck it for various reasons, and Davis filed an amended petition on March 28, 2023.

2. **Discussion**

   A. **Statute of Limitations**

It is undisputed that Davis's federal habeas petition is subject to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which establishes a one-year time limitation for a state prisoner to file a federal habeas corpus petition. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009); *see* 28 U.S.C. § 2244(d)(1). The limitation period begins to run from the latest of the following dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D).

The time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. *Id.* at § 2244(d)(2).

However, state applications filed after the expiration of the limitation period do not toll the limitation period. *See Davis v. Stephens*, 555 F. App'x 324 (5th Cir. 2014) (citing *Scott v. Johnson*, 227 F.3d 260, 264 (5th Cir. 2000)).

### B. Equitable Tolling

AEDPA's one-year limitation period can be equitably tolled since it is not a jurisdictional bar. *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). However, a petitioner is entitled to equitable tolling only if he shows: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007). Equitable tolling is only available in cases presenting rare and exceptional circumstances and is not intended for those who sleep on their rights. *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012).

### 3. Analysis

Respondent argues that, under Section 2244(d)(1)(A), the limitation period began to run when Davis's judgment became "final." Davis does not disagree. Because Davis does not argue or demonstrate that Sections 2244(d)(1)(B), (C), or (D) apply, the Court concludes that Section 2244(d)(1)(A) governs the timeliness of his federal petition.

Under Section 2244(d)(1)(A), the limitation period begins to run on the date the judgment becomes final on direct review or when the time for seeking direct review expires. *See* 28 U.S.C. § 2244(d)(1)(A). Direct review includes a petition for writ of certiorari to the Supreme Court of the United States. *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) (citing *Giesberg v. Cockrell*, 288 F.3d 268, 270 (5th Cir. 2002)).

Under the Supreme Court's rules, a party has 90 days to file for certiorari (1) after judgment is entered by the state court of last resort; (2) after entry of the state court's order denying discretionary review; or (3) if a petition for rehearing is filed, after the denial of the

3

rehearing or the subsequent entry of judgment. *See England v. Quarterman*, 242 F. App'x 155, 157 (5th Cir. 2007) (citing Sup. Ct. R. 13.1, 13.3)). Therefore, the time for seeking direct review expires, and the limitation period begins to run, at the conclusion of the 90-day period running from one of these dates. *England*, 242 F. App'x at 157 (citing *Roberts*, 319 F.3d at 694).

As previously noted, the TCCA refused Davis's PDR on September 25, 2019. Under Supreme Court Rule 13, Davis had until December 26, 2019—90 days after entry of the September 25, 2019 order—to file a petition for writ of certiorari. Because Davis did not do so, the Court concludes that the one-year limitation period began to run on December 26, 2019. Thus, absent any statutory or equitable tolling, Davis had to file his federal petition one year later, by December 26, 2020.

Because Davis filed his state habeas application on July 19, 2021, over six months after the limitation period expired, the period during which it was pending in state court did not toll the limitation period. And because Davis makes no attempt to argue or demonstrate that he is entitled to equitable tolling of the limitation period, the Court concludes that equitable tolling is not warranted in this case.

Because Davis filed his original federal habeas petition on February 2, 2023, over two years after the limitation period expired, the Court concludes that it is time-barred.

4.  **Conclusion**

For these reasons, the Court concludes that Davis's Section 2254 habeas petition is barred by the applicable statute of limitations. Alternatively, the Court concludes that, even if the petition was not time barred, Davis could not prevail on the merits. Based on the law and facts set forth in Respondent's answer and attached records, the Court concludes that Davis has failed to show that the state court's adjudication of his claims resulted in a decision contrary to clearly established federal law or resulted in a decision based on an

unreasonable determination of the facts in light of the evidence presented in the state-court proceedings. *See* 28 U.S.C. § 2254(d). Thus, the petition is denied and dismissed with prejudice.

In addition, the Court concludes that Davis has failed to show that reasonable jurists would debate whether the Court's procedural ruling was correct and whether he has put forward a valid claim of a constitutional deprivation. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore denies a certificate of appealability. *See* Fed. R. App. P. 22(b)(1); *see also* 28 U.S.C. § 2253(c).

All relief not expressly granted is denied and any pending motions are denied. The Court will enter judgment accordingly.

So ordered.

Dated November 30, 2023.

 JAMES WESLEY HENDRIX
 United States District Judge